SAMUEL BRIAN & another *vs.* B. SOPKIN & SONS, INC.

Bristol.     October 28, 1941. — June 28, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence,* Leakage of water, Res ipsa loquitur. *Dangerous Substance.
Water. Damages,* For tort, Mitigation. *Interest.*

The mere maintenance by the occupant of an upper floor of a building
of a steam pressing system from which water leaked and caused dam-
age to an occupant of a floor below would not render the occupant
of the upper floor absolutely liable for said damage without regard
to whether he was negligent or the system was a nuisance.

The doctrine res ipsa loquitur was not applicable in an action for damage
caused by water leaking from a steam pressing system.

*Findings* showed that the owner of a steam pressing system was not
negligent respecting leakage of water therefrom which he had no
reason to apprehend and did not know about until after it had oc-
curred; but that he was negligent in not taking measures to prevent
further leakage the next day after he learned of it.

An owner of goods who, by a certain expenditure, could have restored a part of the value of the goods lost when they were damaged by tortious conduct of another, but who made no attempt to salvage them, was entitled to recover from the tortfeasor only the difference between their value before the damage and the value to which they could have been so restored plus the amount of the expenditure necessary for their restoration and, in the circumstances, to compensate for delay in obtaining recovery, interest on that total from the date on which the damage occurred.

TORT. Writ in the Second District Court of Bristol dated April 23, 1937.

Upon removal to the Superior Court, the action was referred to an auditor, upon whose report judgments were ordered by *Hurley*, J. In this court the case was submitted on briefs.

*H. W. Radovsky & C. Soforenko*, for the plaintiffs.

*B. Horvitz & L. A. Horvitz*, for the defendant.

LUMMUS, J. This is an action of tort. The declaration alleges negligence in permitting water to leak from the defendant's premises to the plaintiffs' premises on the floor below, causing damage to the plaintiffs' property. The three counts allege such negligence on three different days, respectively, March 27, March 29, and March 30, 1937.

The case was referred to an auditor whose findings of fact were to be final, and comes here on his report. On his report judgment was ordered for the defendant on the first two counts, and for the plaintiffs on the third count with damages of $1,051.09. Both parties appealed.

The findings of the auditor may be summarized as follows. The plaintiffs occupied the second floor, and the defendant the third floor, in the Durfee Mills in Fall River. There was a leakage of water from the defendant's premises to the plaintiffs' premises on each of the three days mentioned in the declaration. The leakage came from a recently installed pressing system using thirty irons through which steam passed. The water came through a leaky valve connected with one of the irons. The leaks occurred at about seven o'clock in the morning, when the steam was turned on and forced whatever condensation was in the system to escape through the leaky valve and the iron at-

tached thereto.  The plaintiffs gave no notice to the defendant of any leakage on March 27, and the first notice was given on March 29, evidently after the leakage had occurred.  There was no finding that before such notice the defendant knew or ought to have known of the leakage.  The auditor finds as follows: "Up to this date March 29, 1937, no leak of any importance had ever developed in the pressing system of the defendant.  The pressing system had been frequently inspected and kept in good order."  The floor of the defendant's premises consisted of wide boards loosely jointed, which would allow water to leak through.

In our opinion judgment for the defendant was rightly ordered on the first two counts.  The defendant had no reason to apprehend injury to the plaintiffs until after the leak that occurred on the morning of March 29.  The principle of *Rylands* v. *Fletcher*, L. R. 3 H. L. 330 (*Gorham* v. *Gross*, 125 Mass. 232, 238) does not impose liability for ordinary uses of property like the one presented in this case, which involved no great threat to neighbors.  *Ainsworth* v. *Lakin*, 180 Mass. 397, 399.  *Kaufman* v. *Boston Dye House, Inc.* 280 Mass. 161.  *Bratton* v. *Rudnick*, 283 Mass. 556, 560–562.  *Garrett* v. *M. McDonough Co.* 297 Mass. 58.  Neither is this a case to which the doctrine res ipsa loquitur is applicable.  This has been decided in cases where, as in this case, a leak occurred in a pipe.  *Morrow* v. *Otis*, 251 Mass. 65, 67.  *Goldman* v. *Boston*, 274 Mass. 329.  *Gerard* v. *Boston*, 299 Mass. 488.  Moreover, that doctrine merely permits, and does not require, the conclusion that there was negligence (*Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234; *Garrett* v. *M. McDonough Co.* 297 Mass. 58, 60), and here negligence is negatived, in our opinion, by the findings already recited.

The case is different with respect to the leakage which occurred on March 30.  The defendant had notice on the day before that water had escaped and had damaged a large quantity of the plaintiffs' goods.  "An employee of the plaintiff[s] went to the defendant's premises to ascertain what had caused the leak, and found that the water had come from the defendant's pressing system."  At that

time "employees of the defendant were busy mopping up the floor, and trying to absorb the water with dress shavings." An employee of the defendant called the contractor who had installed the system and informed him that a leak existed in it. The leaky valve was found and a pail was placed under it. All this occurred before the leakage of March 30. But no precaution appears to have been taken to prevent leakage through the iron. Although the auditor's report constituted a case stated, and we are at liberty to draw from it a different conclusion from that drawn by the judge (*United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108, 109; *Keefe* v. *Johnson*, 304 Mass. 572, 573; *Galante* v. *Brockton*, 305 Mass. 480, 481; *Lewis* v. *Conrad & Co. Inc.* 311 Mass. 541, 543, 544; *Lamereaux* v. *Tula*, 312 Mass. 359, 361), we are of opinion that the judge was right in finding that the defendant was negligent in not taking effective measures to prevent the leakage of water on March 30.

We have left to consider whether there was error in assessing the damages at $1,051.09. The plaintiffs are engaged in the manufacture of boys' wash suits, woollens and cottons. The leakage on March 30 caused damage to goods of the plaintiffs of a fair market value of $1,201.25 before the damage. But after the damage the market value was only $150.16. The plaintiffs made no effort to salvage the damaged goods. If they had spent $125 in washing, cleaning and pressing them, they could have made the damaged goods worth $790.84. The plaintiffs suffered no damage to their remaining stock by reason of broken lots or sizes.

A party injured by a tort has a duty to use reasonable care to minimize the damages. *Loker* v. *Damon*, 17 Pick. 284, 288. *Eastman* v. *Sanborn*, 3 Allen, 594. *Atwood* v. *Boston Forwarding & Transfer Co.* 185 Mass. 557. *Ingraham* v. *Pullman Co.* 190 Mass. 33. *Sullivan* v. *Old Colony Street Railway*, 200 Mass. 303, 309. *Fairfield* v. *Salem*, 213 Mass. 296. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 147. In this case, although goods of the value of $1,201.25 were damaged, by the expenditure of $125 they could have been made worth $790.84. The net loss would have been

$535.41. To compensate the plaintiffs for the delay in obtaining recovery, we think that their damages should be increased by adding interest on that amount from March 30, 1937. *Young* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 567, 571, 572. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 606. Judgment should be entered for the plaintiffs with damages consisting of $535.41 plus interest thereon from March 30, 1937.

*So ordered.*