FIBRE LEATHER MFG. CORP. *vs.* RAMSAY MILLS, INC.

Bristol.    October 29, 1952. — December 30, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Dangerous Use of Property. Water. Practice, Civil,* Requests, rulings and instructions.

The mere maintenance by the occupant of an upper floor of a building of a water tank with a capacity of several hundred gallons as part of a "humidity system" did not subject the occupant to absolute liability, irrespective of negligence on his part, for damage caused to goods of another on the floor below by water escaping from a break in the tank. [577]

Rulings made as requested by the defendant in an action in a District Court became immaterial in view of certain findings favorable to the defendant which from the record appeared to be findings of fact made on the evidence and intended to stand by themselves independently of such rulings. [577–578]

TORT. Writ in the Third District Court of Bristol dated March 7, 1951.

The action was heard by *Taveira*, J.

In this court the case was submitted on briefs.

*Solomon Rosenberg & Jack M. Rosenberg*, for the plaintiff.

*Eugene C. McCabe*, for the defendant.

SPALDING, J. This is an action of tort in two counts for property damage caused by the escape of water from a water tank on the defendant's premises. The first count is based on absolute liability; the second on negligence. The judge found for the defendant. A report to the Appellate Division

was dismissed, and the plaintiff appealed. At the trial each party presented requests for rulings and the questions for decision arise from the action of the judge in dealing with them.

The judge made findings of fact which included the following: The defendant, as lessee, occupied and had exclusive control of the second floor of a building owned by the plaintiff. The first floor was occupied by the plaintiff. Sometime in the summer of 1950 the defendant installed a second hand water tank on its premises which was used as a part of a "humidity system." The tank was two feet square and seven feet high, and held from three hundred fifty to four hundred gallons of water. Three of the four vertical edges of the tank were seamless, and the fourth was welded. It was connected with the water system from which water ran continually until the tank was filled. In order to reduce the temperature of the water the defendant put cakes of ice in the tank through an opening in the top. About four weeks after the installation of the tank the welded seam opened at a point six feet from the top of the tank. From this opening, which was eleven to thirteen inches in length and one inch wide, escaping water leaked through the floor to the plaintiff's premises and damaged thirty-two rolls of paper stored there. "[S]oon after the break the defendant shut off the water running into the tank." When the tank was installed "no tests were put on it to determine the pressure it would stand and up to the time of the break, the defendant had no trouble with the tank nor had there been any leaking from it." The cause of the break was unknown, and there was "no evidence that the defendant knew of any defect in the equipment." If there was a defect in the tank "its nature and the time when it came into existence were matters of conjecture and . . . the most careful inspection on the part of the defendant" would not have discovered it.

The plaintiff presented two requests for rulings both of which were denied. The first request need not be discussed, for it concerns damages — an issue which, in view of our disposition of the case, is not material. The second request

in effect asked the judge to apply the doctrine of *Rylands* v. *Fletcher*, L. R. 3 H. L. 330. But that principle has no application here, and the request was rightly denied. In *Ainsworth* v. *Lakin*, 180 Mass. 397, 400–401, it was said per Knowlton J., that the rule of *Rylands* v. *Fletcher* "applies to unusual and extraordinary uses [of land] which are so fraught with peril to others that the owner should not be permitted to adopt them for his own purposes without absolutely protecting his neighbors from injury or loss by reason of the use." Where, however, the injury complained of is caused by a use that is "ordinary and usual and in a sense natural, as incident to the ownership of the land," liability is imposed only for negligence. *Ainsworth* v. *Lakin, supra,* page 400. *Kaufman* v. *Boston Dye House, Inc.* 280 Mass. 161. *Brian* v. *B. Sopkin & Sons, Inc.* 314 Mass. 180, 182. The installation and use of the tank in the circumstances disclosed here were not extraordinary or unusual and involved no great threat of harm to others.

The defendant presented six requests, all of which were granted.[1] Although variously worded the requests in substance called for rulings that the evidence would not warrant a finding for the plaintiff. We do not pause to discuss their correctness. Even though, as we do not decide, the judge erred in granting all or some of them, the error would not vitiate the decision, for they were rendered immaterial by the findings. Reading the findings as a whole, we are convinced that they amount to findings of fact that the defendant was not negligent and were intended to stand by themselves irrespective of the correctness of the rulings.

[1] The requests were: "1. The evidence is insufficient, as a matter of law, to warrant the court in finding that the defendant was negligent. 2. The evidence is insufficient to warrant the court in finding that the doctrine of res ipsa loquitur is applicable. 3. The evidence is insufficient to warrant the court in finding that the defendant knew, or in the exercise of reasonable care, ought to have known that the water tank was defective and the finding should be for the defendant. 4. The evidence is insufficient to warrant the court in finding that the defendant had reason to apprehend injury to the plaintiff until the water tank burst. 5. The evidence is insufficient to warrant the court in finding that the plaintiff is entitled to recover. 6. The evidence is sufficient to warrant the court in finding that the cause of the break in the defendant's tank is a matter of surmise and conjecture and the plaintiff cannot recover."

*Brodeur* v. *Seymour*, 315 Mass. 527, 529–530. *Connell* v. *Maynard*, 322 Mass. 245. *Horton* v. *Tilton*, 325 Mass. 79.

The remaining contention that the facts found by the judge lead "unequivocally to negligence" is obviously untenable and requires no discussion.

*Order dismissing report affirmed.*