Daniel Iandoli *vs.* Mary J. Donnelly & others.

Suffolk.    October 6, 1954. — June 2, 1955.

Present: Qua, C.J., Lummus, Wilkins, Williams, & Counihan, JJ.

*Negligence,* Billboard, Res ipsa loquitur.    *Subrogation.*

A finding of negligence on the part of one owning and controlling a bill-
board mounted on the roof of a city building was warranted by evi-
dence that on a day when the wind reached a velocity of fifty-seven
miles an hour the face of the billboard fell upon and damaged a parked
automobile, and that no other of three thousand billboards owned by
him was blown down.

An insurer which paid the insured the amount of certain damage to his
property and took from him an assignment of "each and all claim and
demands" against all persons for such damage was entitled to bring
an action in the name of the insured for the damage against one al-
leged to be liable therefor.

Tort.    Writ in the Municipal Court of the City of Boston
dated June 5, 1951.

The action was heard by *Adlow,* J.

In this court the case was submitted on briefs.

*Albert W. Wunderly,* for the defendants.

*Mary W. Fidler,* for the plaintiff.

Lummus, J.    In this action of tort for negligence there
was evidence tending to prove the following.    The defend-
ants owned a billboard mounted on the roof of a building
in Somerville owned by the plaintiff's mother in which the
plaintiff operated a tavern.    On September 11, 1950, the
face of the billboard fell on the automobile of the plaintiff
which was parked near the building, damaging the auto-
mobile to the extent of $198.    The insurer of the plaintiff's
automobile paid him $198, and took from him an assign-
ment of "each and all claim and demands" against all per-
sons arising from the damage to the automobile.    The in-
surer then brought this action in the name of the plaintiff.

There was evidence that on the day of the accident the
wind reached a velocity of fifty-seven miles an hour, but

that no other billboard of the three thousand billboards owned by the defendants was blown down. The judge found that the defendants were negligent, and awarded the plaintiff $198. The judge refused to rule, as requested by the defendants, that the plaintiff had failed to prove negligence. The Appellate Division dismissed a report, and the defendants appealed.

There was evidence, we think, of negligence on the part of the defendants. On the day in question, the billboard was subjected to a wind which, though high, could have been found to be no higher than ought to have been anticipated and guarded against, and which all the other three thousand billboards of the defendants withstood. That it blew down was some evidence of some defect in its construction. *Navien* v. *Cohen*, 268 Mass. 427, 431. Proof of the exact nature of the defect was not required. *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, 202. *Navien* v. *Cohen*, 268 Mass. 427, 431. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. *Ryder* v. *Robinson*, 329 Mass. 285, 287. Since negligence of the defendants could have been found, there was no error in refusing their requested ruling that no negligence on their part had been proved.

The ownership of the billboard by the defendants and its recent inspection by them warranted the inference that it was in their control. Nothing in the record suggests that any other person had any interest in or control of it.

The assignment to the insurer was not of part of a claim,[1] but of "each and all claim and demands" against any alleged wrongdoer. It does not appear that any claim existed other than that for the injury to the automobile. See *Hart* v. *Western Rail Road*, 13 Met. 99, 105–106; *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44, 46.

*Order dismissing report affirmed.*

---

[1] The judge denied a ruling requested by the defendants that the "assignment under which the . . . [insurer] brings this action is a partial assignment of Iandoli's cause of action against the defendants; is invalid at law and because of its invalidity, the plaintiff cannot recover against the defendants." — REPORTER.