*Western District*

*Central District Court of Worcester*

No. 63569-47

**LUTHER E. VIA**

**v.**

**ASBESTOS TEXTILE CO., INC.**

(January 3, 1956)

*Hobson, J.*    This is an action of contract in which the plaintiff seeks to recover overtime compensation, liquidated damages and a reasonable attorney's fee under Section 16(b) of the Fair Labor Standards Act of 1938 with amendments thereto. It was agreed by the parties that the defendant manufactured material that was shipped in Interstate Commerce.

The important and decisive issue in this case is whether the plaintiff was an exempt or a nonexempt employee under the Fair Labor Standards Act. If he was an exempt employee, he cannot recover; if he was a nonexempt employee, he can recover. It is admitted that the plaintiff qualified as an "employee employed in a bona fide executive capacity" as an exempt employee, as required under clauses A to E, inclusive, of Section 541.1 of said Act. To be an exempt employee, however, he must also qualify under clause F of said Section. This clause provides that the employee's hours of work of the same nature as that performed by nonexempt employees must not exceed twenty per cent of the number of hours worked in the workweek by the nonexempt employees under his direction. This leaves for determination the question as to whether or not the plaintiff did work of the same nature as that performed by non-exempt employees under his direction, and if he did, did the hours of such work exceed twenty per cent of the number of hours worked in the workweek by the nonexempt employees, or was the total of hours of work less than twenty per cent.

The report devotes about fifty-three pages to a statement of the testimony given at the trial of the case. It is not easy to boil it all down to a fair and reasonable summary, but we feel that the judge's statement of the evidence in his memorandum adequately does so. To it we would add that there was testimony from a number of witnesses as to what they saw the plaintiff do and the times they saw him doing it while he was in the employ of the defendant

from about June 1, 1944 to May 1, 1946. The judge's statement of the evidence is as follows:

"There was evidence as follows:

The last part of May or the first part of June, 1944 the plaintiff had a conference with the president of the defendant corporation in Chicago relative to his employment by the defendant. As a result of this conference it was agreed between the plaintiff and the defendant that the plaintiff was to be hired as a supervisor to run the carding department of the defendant's plant in North Brookfield. It was agreed that the plaintiff should receive a salary of approximately $85 per week which was to be paid $184.16 semi-monthly. The plaintiff was to be supervisor and was to have full charge of the carding department in the plant at North Brookfield. In order to employ the plaintiff as an exempt employee and to pay this rate, it was necessary for the defendant to get authority from the Treasury Department (Wage and Hour Stabilization Division) which authority the defendant sought and obtained. The plaintiff was so informed. Although the plaintiff was hired to supervise the carding department, it was also suggested that he might in time take over the picking department.

The plaintiff had previously been a foreman for other companies for about 16 years but he stated he wanted to advance and become a supervisor. There were employed in the carding department at the North Brookfield plant from 13 to 20 employees. All but two were carders and those two were fixers. There was a maintenance department for the entire plant which took care of general repairs. There were twenty carding machines in the department.

The plaintiff had complete charge of the department and the right of hiring and firing and his recommendations as to increasing wages and

status of employees in that department were given particular weight by the home office in Chicago. There was evidence that no one else in the department could do most of the work he did especially properly and efficiently setting up some of the cards although others helped him do so. The president of the defendant testified that they combed the country to find a man qualified to do this and that is why they paid him a salary of $85 per week instead of the hourly wages of seventy-seven cents (77c) per hour which the fixers were receiving at the time the plaintiff went there. This was the ceiling price for fixers then. The plaintiff kept track of the time of the employees in his department although sometimes he was assisted by a female employee. The time records of the employees were complete and accurate although they were not kept so closely for the plaintiff. He had a cubicle in the department which he used as an office.

The plaintiff testified he performed a great deal of "manual" labor and spoke glibly of doing similar work to the work performed by the fixers, namely Scott and Flamond. He stated offhand the hours that he performed "manual" labor similar to them but he kept no records of it. He also testified some of the work done by him in setting up a machine required very expert skill.

There was some testimony by him that he worked at production some evenings although he had no records of it and could state few specific instances and hours. There was no evidence that any official of the company knew of this and the president of the defendant stated that if it had been called to his attention, he would have fired the man because he was not paying that rate for an operator.

The plaintiff received and accepted his wages which were always on a salary basis rather than

an hourly basis all the time he was employed there which was until May 1, 1946 and made no objection to the amount nor claimed any overtime until about the time this action was commenced which was September 9, 1947."

The judge made the following findings of fact:

" I find the plaintiff's primary duty consisted of management of a recognized department in the defendant company and that he customarily and regularly directed the work of other employees; that he had authority to hire and fire and that his suggestions or recommendations as to wages, advancement or promotion of other employees in his department were given particular weight by the defendant. I find that he customarily and regularly exercised discretionary powers and that he received as salary $184.16 semi-monthly. I find that the hours of work of the same nature as that performed by non-exempt employees did not exceed 20% of the number of hours worked in the work week by non-exempt employees under his direction. I find that his work was directing general business operations along specialized lines requiring special training, experience and knowledge; required the exercise of discretionary and independent judgment; that although he did much "manual" labor, the "manual" labor done by him was not similar to that done by other employees under him but was done directly in his capacity as supervisor and most of it required an expert skill which only he had and for which he was paid the much higher salary of a supervisor rather than that of a fixer. I find that the plaintiff was an exempt employee under the Fair Labor Standards Act.

I, therefore, find for the defendant."

The plaintiff seasonably filed twenty-four requests for rulings. Requests numbered 8, 19, 20, 22 and 24 were denied and all the others were expressly or im-

pliedly granted. After the finding for the defendant, the plaintiff filed a motion for a new trial on the grounds that the finding was against the law and the evidence, which motion, after hearing, was denied.

The plaintiff claims to be aggrieved by the denial of his motion for a new trial and by the judge's refusal to grant his requests numbered 8, 19, 20, 22 and 24, and his failure to properly apply the rulings granted on all the plaintiff's other requests.

We find no prejudicial error.

Plaintiff's requests numbered 1, 2, 5, 10, 11, 13, 17, 21 and 23 were as follows:

"1. That the defendant was engaged in Interstate Commerce.

2. That the defendant was subject to the provisions of the Fair Labors Act of 1938, with amendments.

5. That the burden is upon the defendant to prove that the plaintiff is not entitled to the benefits of the Act.

10. That the defendant had to decide at its peril which of its employees were within coverage of the Act and which were not.

11. That the defendant had to decide at its peril the amount of overtime worked by its employees who fall within the act.

13. That the Court is warranted in finding that the plaintiff's testimony based on memory as to hours worked is admissible as evidence of overtime worked.

17. That it is not necessary for the plaintiff's evidence to establish his claims in full.

21. An employer who asserts a defense under section 9 of the Portal to Portal Act must plead and prove that the act or omission (1) was in good faith (2) in conformity with and (3) in reliance upon (4) any administrative ruling or enforcement policy

of (5) any Federal Agency with respect to the class of employers to which he belonged.

23. In order to prove good faith the employer must introduce evidence that he acted as a reasonably prudent man would, taking into consideration the work done by the employee and the employer's action thereon."

All of these requests were expressly granted by the judge.

Plaintiff's requests Nos. 3, 4, 6, 7, 9, 12, 14, 15, 16 and 18 were as follows:

"3. That there is evidence to warrant a finding that the plaintiff was a non-exempt employee under the provisions of the Fair Labors Standards Act, 1938, with amendments thereto.

4. That there is evidence to warrant a finding that the plaintiff was a non-exempt employee under the provisions of the Fair Labor Standards Act, 1938, with amendments thereto and is entitled to the provisions for overtime as outlined in the Act.

6. That there is evidence to warrant a finding that the plaintiff's manual work, exceeding 20% of the number of hours worked in the work week by the non-exempt employees under him, of the same nature as that performed by the non-exempt employees of the employer.

7. That there is evidence to warrant a finding that the plaintiff spent more than 20% of his time doing work of a non-exempt nature under the terms of the Act.

9. Upon all the evidence the court is warranted in finding that the plaintiff spent more than 20% of his time each week

doing work of a non-exempt nature under the terms of the Act.

12. That upon all the evidence the Court is warranted in finding that plaintiff was a non-exempt employee with respect to the provisions of the Fair Labor Standards Act, 1938, with amendments, and entitled to the benefits of the overtime provisions of the Act.

14. That upon all the evidence the Court is warranted in finding that the plaintiff is entitled to recover, for all hours worked over forty hours in each week, at the rate of time and one half, using his salary as received for computing the hourly wage rate.

15. That upon all the evidence and in accordance with the Act, the Court is warranted in finding the plaintiff is entitled to recover an equal amount to that due for overtime as liquidated damages.

16. That upon all the evidence the Court is warranted in finding that the plaintiff's attorney is entitled to a reasonable fee, within the discretion of the Court, which the Court can determine from its observation of the various factors involved in the handling of the case.

18. That the court is warranted in finding that the plaintiff has established a prima facie case by his positive testimony that he has worked overtime."

While these requests were not expressly granted, they were nevertheless in fact granted, because the judge said in his disposition of them that "there was evidence which would warrant the findings as requested but on all the evidence I find for the defendant."

With reference to all the above requests granted, the plaintiff contends that the judge did not properly apply them. He seems to feel that by granting the requests the judge was obliged or bound to make the finding called for in the requests. This is not so. If the evidence in a case warrants a finding for a party, such a finding is not required as a matter of law. *Howard v. Malden Savings Bank*, 300 Mass. 208 at 212.

There was no inconsistency on the part of the judge in granting these requests of the plaintiff and then, after weighing all the evidence and determining the facts, in making a finding for the defendant. *Dangelo v. Farina*, 310 Mass. 758, 759.

Practically all of the testimony in the case was oral. The judge did not have to believe all or any part of the testimony given by the defendant or any of the other witnesses. This is true of testimony that may have been undisputed or uncontradicted. *Perry v. Hanover*, 314 Mass. 167, 170. He could give consideration to the testimony of the plaintiff that while he was working for the defendant from about June 10, 1944 to about May, 1946, he never made any claim for overtime; that he kept practically no records of the hours he worked; that at the trial all of the witnesses were giving their recollection of acts and things which were done and happened some years before; and to the relationship that existed between the plaintiff and some of the witnesses. In short, the credibility of the evidence, its weight, that is, its strength in inducing belief, and all permissible inferences to be drawn therefrom, were questions of fact to be determined by the judge. *Memishian v. Phipps*, 311 Mass. 521, 522. We find in the reported testimony no evidence binding upon the defendant that required a finding for the plaintiff.

The judge was correct in his understanding of the fact that the hours of work, or "manual labor", in excess of twenty per cent of that done by nonexempt

employees under the plaintiff's direction, which would make him a nonexempt employee, must be work of the same nature as that performed by the said nonexempt employees. Any number of workhours or manual labor of a kind, character or nature performed by the plaintiff different than that performed by nonexempt employees would not make the plaintiff a nonexempt employee. The judge was warranted in finding as he did "that although he (plaintiff) did much 'manual' labor, the 'manual' labor done by him was not similar to that done by other employees under him but was done directly in his capacity as supervisor and most of it required an expert skill which only he had and for which he was paid the much higher salary of a supervisor rather than that of a fixer."

We perceive no error on the part of the judge in his dealing with the plaintiff's requests for rulings of law which he allowed on the facts warrantably found by him upon the evidence.

We now consider the plaintiff's requests for rulings which were denied;

First.    Request No. 8, reading as follows: "That the plaintiff performed enough of the same type of work as the men he supervised and could be called a working foreman."

In our opinion this request called for a finding of fact and was therefore properly denied. *Perry v. Hanover*, 314 Mass. 167.

Second.    Request No. 24, reading as follows: "There is no evidence to warrant a finding that the employer acted as a reasonably prudent man under the circumstances shown in this case."

This request was properly denied as it became immaterial when the judge found that the plaintiff was an exempt employee and based his finding for the defendant upon that ground. It is clear that the judge did not consider the issue raised by the de-

fendant in its amended answer that it "acted as a reasonably prudent man" and did not rely on this special defense set up by the defendant in reaching his decision, to which defense this request pertained. If there was any error, it was not prejudicial. *Fibre Leather Manufacturing Corporation v. Ramsay Mills, Inc.*, 329 Mass. 575 at 577.

Third.  Requests Nos. 19, 20 and 22, reading as follows:

"19.  That the Court is warranted in finding that the statute of limitations fixed by any amendment to the Act or subsequent Federal act are not applicable to the plaintiff's claim.

20.  That the Court is warranted in finding that the Portal to Portal Law is not involved in the plaintiff's claim for overtime compensation as alleged in the plaintiff's declaration.

22.  There is not sufficient evidence to warrant that the defendant has proved an act or omission as defined in sec. 9 of the Portal to Portal Act."

With reference to these requests the judge said that he denied them because he ruled that under his findings they became immaterial. He was correct. All these requests pertain to matters that were raised as special defenses in defendant's amended answer. It is abundantly clear that in arriving at his finding for the defendant the judge did not rely upon the special defenses set up by the defendant and in fact did not even consider them and that he based his finding for the defendant solely upon the ground that he found that the plaintiff was an exempt employee. The rulings requested became immaterial for the reasons above given, and there was no error. Again, if there was error, it was not prejudicial. *Fibre Leather Mfg. Corp. v. Ramsay Mills, Inc.*, 329 Mass. 575.

There remains the question of the denial of the motion for a new trial. It is a settled principle of our law that whether a new trial will be granted or not lies within the sound discretion of the trial judge. *Perry v. Manufacturers Nat. Bank,* 315 Mass. 653 at 656. The decision of the trial judge in refusing to grant a new trial will be upset only if there has been an abuse of discretion or if an error of law has been committed. We find no abuse of discretion nor any error of law.

Upon a careful review of the whole case we find nowhere any prejudicial error. Therefore, the report should be dismissed.

M. Newman, for the plaintiff.

Hartwell and Driscoll, for the defendant.