*Southern Division*

MERVIN HAT CORPORATION
v.
TEXTILE PAPER TUBE COMPANY, INC.

*Present*: Nash, P. J., Cox and Welch, JJ.

Case tried to TORPHY, SP. J., in the Second District Court of Bristol. No. 2907.

*Cox, J.* By this action the plaintiff seeks to recover for property damage alleged to have been negligently caused by the escape of water from the fifth floor occupied by the defendant on the fourth floor premises of the plaintiff. The answer is a general denial. The trial was concluded on May 24, 1956 and on June 25, 1957 there was a finding for the plaintiff in the sum of $2724.58 and interest of $952.35, a total of $3676.93.

The defendant claims to be aggrieved by the allowance of four of the plaintiff's twenty-one requests for rulings and by denial of its motion for a new trial.

*It appears that* the defendant was a manufacturer of paper tubes and occupied the fifth floor at 379 Pleasant Street, in the City of Fall River. The plaintiff occupied the fourth floor of the same building where it manufactured men's felt hats. On Friday, Sept. 7, 1951, the defendant closed its factory for the weekend. On Saturday, September 8, the next

day, the defendant's treasurer entered the defendant's premises. He turned on the water in a large tank owned and controlled by the defendant. The defendant's treasurer then went into another part of the defendant's premises and became busy or occupied and forgot about the water running in the tank. The water overflowed the tank, found its way through the floor and ceiling and damaged the plaintiff's merchandise.

The judge allowed plaintiff's requests for rulings as follows:

"1. Upon all the evidence the plaintiff is entitled to recover.

2. Upon all the Law the plaintiff is entitled to recover.

3. Upon all the evidence and the Law the plaintiff is entitled to recover.

21. In addition to its damages, the plaintiff is entitled to recover interest from the date of the writ."

 "The mere escape of water from a system in the defendant's control is not evidence of negligence." But when it is shown that the escape of water which causes damage is due to negligence, the negligent one becomes liable for the damage. *Artz v. Hurley,* 334 Mass. 606; *Fibre Leather Mfg. Corp. v. Ramsay Mills, Inc.,* 329 Mass. 575, 577; *Brian v. B. Sopkin & Sons, Inc.,* 314 Mass. 180.

The evidence in the case before us is sufficient to support a finding of negligence as the cause of the damage to the plaintiff's goods. *Brian v. B. Sopkin & Sons, Inc.,* 314 Mass. 180, 181, 182, 183. The defendant does not dispute this point. It contends that the negligence of the defendant's treasurer in causing the overflow which damaged the

plaintiff's goods is not its responsibility. We *must reject that contention.*

■ The report does not disclose the actual powers and duties of its treasurer in connection with the conduct of the defendant's business except the fact that the individual involved was *in fact its treasurer.* It becomes necessary, therefore, to determine whether the evidence is sufficient to have warranted an inference of responsibility on the defendant's part for the negligence of its treasurer. It has been said that "The existence of the relationship of principal and agent and the authority of the latter to represent the former are questions of fact if there is evidence of an appointment by the principal and a delegation to the agent of duties to be performed by him for the principal, or if the conduct of the parties is such that an inference is warranted that one was acting in behalf of and with the knowledge and consent of another." *Choate v. Assessors of Boston,* 304 Mass. 298, 300.

■ It may be assumed that the treasurer, in that capacity, was not a stranger to the defendant or its business. *Lee v. Fisk,* 222 Mass. 418, 422. Also, it may fairly be presumed that even though the accident occurred on a Saturday after the factory was closed for the weekend, the treasurer was nevertheless present on the defendant's business, a presumption which is strengthened by the fact that after he had turned on the water in the tank, he went into another part of the defendant's premises and became busy and occupied. It is of consequence also that the

tank was owned and controlled by the defendant and presumably used in its business. Even though the judge might have reached a different conclusion, he was warranted in deciding as a fact that the treasurer was the defendant's agent, engaged in its business and that his negligence became the defendant's responsibility. *Cowan v. Eastern Racing Association, Inc.,* 330 Mass. 135, 144.

The defendant's motion for a new trial was on the grounds that the finding was against the evidence and the law and the further ground that the time between completion of the case and the filing of the finding is excessive, causing injustice to the defendant. We see no error in the denial of the motion. As the case was tried before a judge of the District Court, there being no jury, the defendant was not entitled as of right to be heard on the motion for new trial on the ground that the finding is against the evidence, but, even if the plaintiff was heard on that ground, denial was within the discretion of the judge and no ground is presented for review. G. L. c. 231 §129. *Graustein, Petitioner,* 305 Mass. 571, 572.

The ground of the motion that the finding is against the law points out no specific rulings of law but obviously relates to rulings at the trial. No question for review is presented. *Graustein, Petitioner,* 305 Mass. 571; *Lasell v. Director of the Division of Employment Security,* 325 Mass. 23, 26. See also *Reliable Finance Corp. v. Baldrate,* 291 Mass. 151, 152.

There was no error in the denial of

the defendant's motion for a new trial on the ground that there was an excessive lapse of time between the completion of the trial and the judge's decision. This point is involved in the plaintiff's request number 21 which the judge allowed.

The plaintiff is entitled to interest from no later than the date of the writ. G. L. c. 231 §6(b). In *Brian v. B. Sopkin & Sons, Inc.*, 314 Mass. 180, 184, a case in which damages were recovered because of leaking water, the court, to compensate the plaintiffs for the delay in obtaining recovery, allowed interest from the date of the damage. Here there was no reason for the defendant to complain that interest was allowed from the date of the writ.

As we perceive no error of law prejudicial to the defendants, either in the allowance of the plaintiff's requests numbers 1, 2, 3 and 21 or in the denial of the defendant's motion for a new trial, an order should be entered dismissing the report.

Horvitz and Horvitz, of Fall River, for the plaintiff.

James Seligman, of Fall River, for the defendant.

\* \* \* \* \* \*

## AUTHORITIES

*Goldman v. Boston*, 272 Mass. 329; *Washburn v. R. F. Owens Co.*, 252 Mass. 47 at 54; *Feeley v. Doyle*, 222 Mass. 155; *Brian v. B. Sopkin & Sons, Inc.*, 314 Mass. 180; *Fibre Leather v. Ramsey Mills*, 329 Mass. 75; *Bratton v. Rudnick*, 283 Mass. 556; *Kauf-*

*man v. Boston Dye House, Inc.,* 280 Mass. 161; *Rylands v. Fletcher,* L.R. 3 H.L. 330.