United States Trunk Company, Inc. *vs.* Bristol Knitting Mills, Inc. (and a companion case[1]).

Bristol.   January 5, 1962. — May 3, 1962.

Present: Wilkins, C.J., Spalding, Williams, Cutter, & Kirk, JJ.

*Negligence,* One owning or controlling real estate, Water pipe. *Practice, Civil,* Auditor: findings.

In a report by an auditor whose findings are not final, a general finding not purporting to rest on the subsidiary findings expressly made imports the finding of a fact necessary to support it and not inconsistent with the express subsidiary findings. [252]

Findings by an auditor, that a business corporation occupying an upper floor of a building and in sole charge of the operation and maintenance of a steam boiler room on its premises and a connecting water pipe in the boiler room shut down its business for a Christmas vacation, that a window on the north side and a window on the northwest side of the boiler room were left open three or four inches, that the water pipe, which was near the north window, froze and separated at a joint on Christmas day when the temperature was low and a strong northwest wind was blowing, and that water escaped and seeped down and dam-

---

[1] The companion case is by Uni-Craft Manufacturing Corp. against the same defendant.

aged property on the floors below, were not inconsistent with a finding that the corporation was negligent toward the owners of the damaged property.   [252]

Two ACTIONS OF TORT.   Writs in the Superior Court dated March 26, 1959, and December 22, 1959, respectively.

The actions were heard by *Noonan, J.,* on an auditor's report.

*Robert G. Conley,* for the defendant.

*Richard C. Levin, (Joseph E. Hanify, Jr.,* with him,) for the plaintiffs.

WILLIAMS, J.   These are two actions of tort to recover for property damage caused by allowing water pipes on the premises of the defendant to freeze and permit water to escape from its premises to the premises of the plaintiffs. The cases were consolidated for trial and referred to an auditor whose findings of fact were not to be final.   He reported that the plaintiffs and the defendant were tenants of Laurel Lake Mills at 951 Broadway in Fall River.   The plaintiff trunk company occupied the first, second, and third floors, the plaintiff Uni-Craft Manufacturing Corp. the fourth floor, and the defendant the fifth floor of the building at that address.   The auditor stated that the questions to be determined were: 1.   Was the defendant, Bristol Knitting Mills, Inc., in sole control of the boiler room in which the leaking pipe was located?   2.   Was the leakage and flowage of water caused by the negligence of the defendant, Bristol Knitting Mills, Inc.?   He reported that his findings were based on the evidence introduced and on the view which he took of the premises.

The damage occurred on December 25, 1958, when water escaped from a pipe in the boiler room of the defendant located on the fifth floor of the building.   The defendant maintained in the boiler room two boilers which it had installed at its own expense and according to its own specifications in a space which it had partitioned off at the northwest corner of the floor.   The purpose of the boilers was to manufacture live steam for the defendant's business. There were four windows in the boiler room, each approxi-

mately twelve to fourteen feet high, which could be opened both from the top and bottom. The boilers were fed by a "water line" which was connected with the water line of the building. Heat for the building was provided by the landlord through pipes which ran along the walls on each floor.

The defendant had shut down its business for a Christmas vacation of one week beginning December 19, 1958. The other floors continued to be used. The defendant was in complete charge of the operation of its boilers and of the boiler room. It had a maintenance man whose duty it was to check and make repairs on the boilers. The boilers were last checked on December 18. During the Christmas shutdown the defendant had a man on duty during the day only. The whole building was closed on Christmas Day with only the landlord's maintenance man on duty. Its watchman was on duty from 5 P.M. to midnight on December 25. In the course of his rounds he went through the whole building and, although not required to inspect the defendant's boiler room, looked in there from time to time. On his first round at 6 P.M. he went into the boiler room and saw "nothing out of order." On his next round he did not go in. On the third round at 9 P.M. he heard steam escaping and on investigation he found the boiler room full of steam and heard the sound of water dripping. Two windows, one on the north and one on the northwest side of the building, were open at the top three or four inches and the water line which fed the boilers and was "under the exclusive control" of the defendant had frozen. It was directly opposite and six feet away from the north window. The freeze had caused the pipe to separate at the joint. The maximum temperature on December 25 was from five to nine degrees Fahrenheit and the prevailing wind was from the northwest with a velocity of twenty-eight miles per hour. Ice had formed on the side of the north window and three men were required to push it closed. The water from the broken pipe seeped down through the lower floors causing damage to the personal property of each of the plaintiffs.

The auditor found for the plaintiff United States Trunk Company, Inc., in the sum of $9,569.37 and for the plaintiff Uni-Craft Manufacturing Corp. in the sum of $1,100.

The cases were submitted on the auditor's report alone and in each case each party filed a motion for judgment on the report. See Rule 88 of the Superior Court (1954). The judge denied the motions of the defendant and allowed the motions of the plaintiffs, to which rulings the defendant excepted.

Liability of the defendant for the damage to the plaintiffs' property depends upon whether it was caused by the defendant's negligence. *Brian* v. *B. Sopkin & Sons, Inc.* 314 Mass. 180, 182. *Fibre Leather Mfg. Corp.* v. *Ramsey Mills, Inc.* 329 Mass. 575, 577. Although the auditor made no express finding of negligence, such finding is imported by the ultimate findings for the plaintiffs, and is not inconsistent with the subsidiary findings. *Rosenblum* v. *Ginis,* 297 Mass. 493, 496. They demonstrate not merely that the water escaped from the defendant's premises (see *Artz* v. *Hurley,* 334 Mass. 606, 608) but that the cause was a broken pipe which had frozen because windows in the boiler room had been left open during very cold weather. The conclusion was warranted that they had been opened by some person in connection with the maintenance of the boiler room and that it was probable that this person was an employee of the defendant acting within the scope of his authority. See *Melvin* v. *Pennsylvania Steel Co.* 180 Mass. 196, 202; *McNicholas* v. *New England Tel. & Tel. Co.* 196 Mass. 138, 141; *McGrath* v. *American Exp. Co.* 219 Mass. 314, 317; *Iandoli* v. *Donnelly,* 332 Mass. 601; *Brady* v. *Great Atl. & Pac. Tea Co.* 336 Mass. 386, 391.

There was no error in dealing with the motions for judgment.

*Exceptions overruled.*