*Southern Division*

## GEM SPORTSWEAR, INC.
### v.
## ARISTA SPORTSWEAR, INC.

*Present:* Nash, P. J., Cox and Sgarzi, JJ.

Case tried to *Driscoll, J.,* in the Third District Court of Bristol. No. 1142.

*Cox, J.* In this action of tort the plaintiff seeks to recover for damage to its merchandise and machines caused by the escape of water from the second floor of a building occupied by the defendant to the first floor which the plaintiff occupied. There was a finding for the plaintiff. The case was reported for our determination because the de-

fendant claims to be aggrieved by the judge's refusal to rule as requested that *there should be a finding for the defendant.*

*There was evidence* by an employee of the plaintiff that early one morning before other employees had arrived, upon entering the plaintiff's premises on the first floor he saw water coming through the ceiling and falling on sewing machines, cutting tables and materials. The floor was soaking wet. He removed the objects from the area where the water was falling. He went upstairs and entered the defendant's premises through an unlocked door. He found there only the defendant's foreman and another person, both of whom were mopping up the floor. He saw water on the floor of the areaway in front of the ladies' room. The water was over the soles of his shoes. Entering the ladies' room he observed water coming over the tops of three of the four toilet bowles in the room. He asked the defendant's foreman the cause of the overflow. The foreman replied that the toilets were blocked up.

The defendant's foreman testified that upon entering the defendant's premises he noticed water on the floor outside the ladies' room. Upon entering the ladies' room he found water coming over the top of a tank at the rear of a toilet bowl. He immediately shut off the water flowing into the tank. He testified that he took off the tank cover and found the metal ball full of water from a hole in it, thereby permitting water to overflow the top

of the tank. He did not observe water coming over the tops of the bowls. He further testified that both the owner of the building and the defendant employed maintenance men, but the witness was unable to say that the defendant's maintenance man had checked the premises before leaving. He stated that it was not part of the duties of the maintenance men to check the toilets before closing. The duties or actions of the maintenance men were not otherwise described.

The plaintiff's witness fixed the date of the incident as December 2, 1959. The defendant's witness and an insurance adjuster representing the defendant's insurer testified it was November 9, 1959. This discrepancy creates no particular problem as it is apparent that both sides were referring in their testimony to the same incident.

The foregoing is all the evidence reported which had any bearing on liability.

"The mere escape of water from a system in the defendant's control is not evidence of negligence." *Artz v. Hurley,* 334 Mass. 606, 608 which cites *Brian v. B. Sopkin & Sons, Inc.,* 314 Mass. 180 and *Fibre Leather Mfg. Corp. v. Ramsey Mills, Inc.,* 329 Mass. 575. On the strength of those precedents we feel obliged to hold that the plaintiff has not presented evidence, nor is any evidence reported, which would warrant a finding that the overflow of water was due to the defendant's negligence. It was for the judge to accept either the plaintiff's or the defend-

ant's version of what occurred, but separately or .collectively, those versions do not permit a finding for the plaintiff.

■ Lack of reasonable care in inspecting the premises cannot be inferred from the evidence. In *Artz v. Hurley,* 334 Mass. 606, 608, lack of inspection for a number of weeks was held not unreasonable or careless with reference to a crack in a float similar to the one in the instant case in which there is no evidence reported which relates to inspection. Nor is there any evidence of any apparent or known defect in the toilets other than the blockings or the hole in the float discovered after the incident. There is no evidence of what could have caused the obstruction alluded to by the plaintiff's employee in his conversation with the defendant's foreman and no evidence from which it might be said that the overflow, or the crack in the metal ball, was "more likely attributable to negligence on the part of the defendant than to some other cause." *Artz v. Hurley,* 334 Mass. 606, and cases therein cited. See: *Goldberg v. Federman,* 231 Mass. 443.

■ The doctrine of *res ipsa loquitur* has been held not to apply in circumstances like those in this .case. The overflow of water may have occurred from causes other than the defendant's negligence even though the second floor premises were in the exclusive control of the defendant. *Brian v. B. Sopkin & Sons, Inc.,* 314 Mass. 180, 182; *Gerard v. Boston,*

299 Mass. 488; *Goldman v. Boston*, 274 Mass. 329, 330; *Morrow v. Otis*, 251 Mass. 65.

We must conclude, as did a majority of the court in the much stronger case of *Artz v. Hurley*, 334 Mass. 606 at page 609, that "it cannot be said that the overflow of the tank (or bowls), unexplained in fact, is the sort of accident which commonly does not happen where due care is used. See *Couris v. Casco Amusement Corp.*, 333 Mass. 740, 741. Mere possibility of an explanation predicated in negligence is not enough to take the issue to the jury."

In our opinion it was prejudicial error to deny the defendant's request for ruling. It should have been allowed. Judgment should be ordered for the defendant.

Barnet Smola of New Bedford, for the Plaintiff.

James A. Heaney of New Bedford, for the Defendant.