*Municipal Court of the City of Boston*
No. 83490
**RICHARD N. KASPARIAN**
v.
**DOWN TOWN AUTO SERVICE, INC.**
(November 15, 1963—February 20, 1964)

*Present*: Roberts, J., Gillen & Lewiton, JJ.
Case tried to *Riley, J.*

*Roberts, J.* this is an action of tort or contract in which the plaintiff seeks to recover for damages to his motor vehicle caused by the alleged negligence of the defendant in allowing said motor vehicle to be taken from the defendant's public parking lot.

The plaintiff duly presented six requests for rulings, of which Nos. 4, 5 and 6, with the court's action thereon, follow:

"4.—The plaintiff's motor vehicle was stolen from the defendant's parking lot while it was in the custody and possession of the said defendant, its agents, servants or employees. *The court did not allow or disallow this request, but made the following notation: "question of fact".*

5.—The defendant, its agents, servants or employees, was negligent in permitting the plaintiff's motor vehicle to be stolen while it was in its

custody as a bailee for hire. See *Sandler v. Commonwealth Station Co.,* 30 N.E. Second 389. *The court did not allow or disallow this request but made the following notation: "question of fact".*

6.—The plaintiff's motor vehicle was damaged as a result of the negligence of the defendant, its agents, servants or employees, and therefore the plaintiff is entitled to recover. *The court did not allow or disallow this request but made the following notation: "question of fact".*

The court made the following finding of fact: "I find as a fact that the defendant was not negligent." The court found for the defendant.

We cannot accept the plaintiff's argument that these requests raise questions of law rather than questions of fact. They all touch on factual issues which are part of the proof required of the plaintiff—whether the plaintiff's car was actually stolen; whether the defendant or its agents were guilty or negligence; and whether the plaintiff was damaged as a result thereof.

It was fundamental that the burden of proof was on the plaintiff to prove negligence, and, it rarely can be ruled as a matter of law that the party having the burden of proof has sustained that burden. *Coleman v. NY, NH & H RR.,* 215 Mass. 45, 47; *Winchester v. Missin,* 278 Mass. 427, 428; *Hoffman v. Chelsea,* 315 Mass. 54, 56; *Liberatore v. Framingham,* 315 Mass. 538.

Obviously, the court was not obliged to

make any such findingings. They were essential elements of the plaintiff's case.

As the trial court has found as a matter of fact that the defendant was not negligent, this puts an end to this issue.

In view of the recent decisions in which the subject has been exhaustively treated with a full citation of cases, further citation of authority is not necessary. *Fibre Leather Mfg. Corp. v. Ramsey Mills, Inc.,* 329 Mass. 575, 577; *Norton v. Tilton,* 325 Mass. 79, 80.

There was no error. *Report dismissed.*

Francis Leone, of Boston, for the Plaintiff.

Paul D. Maggioni, of Boston, for the Defendant.