*Northern District*
No. 5938
**MATHILDA ALLURED, et al**
v.
**SUBURBAN SIDNEY HILL
COUNTRY CLUB, INC.**
Filed November 17, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Linehan, J.* in the District Court of Newton. No. 7881 of 1961.

*Connolly, J.* The declaration in this action of tort contains three counts:

*Count* 1 alleges that the plaintiff Mathilda, as a business invitee of the defendant, had the end of her finger amputated by an unsafe and dangerous piece of furniture, known to be such by the defendant.

*Count* 2 alleges that said amputation was caused by the negligent acts of omission and commission of the defendant.

*Count* 3 was brought on behalf of Mathilda's husband, Arthur, to recover medical costs and damages.

Defendant filed a general denial and further specially pleaded two rules of the Club which it alleged were binding on the plaintiff as a waiver of liability.

Requests of the plaintiff ##1, 2, 3, 4 and 5 and the disposition of those requests by the trial judge follow:

1. The defendant as the provider of accommodations of a public nature for hire was bound to use reasonable care in furnishing and maintaining such accommodations for the purpose for which they were apparently designed.

2. If the collapsible chair used by the plaintiff was not reasonably safe for sitting on by reason of a cutting edge on a movable part thereof, the defendant had a duty to warn the plaintiff of the unsafe condition.

3. If the defendant failed to warn the plaintiff

of a dangerous condition in the chair which was not apparent, then it is liable for the injury caused by such condition unless the plaintiff was contributorily negligent.

4. The defendant's failure to maintain the plastic cap on the sharp metal edge of the chair constituted a negligent breach of its duty to the plaintiff who was in the position of a business invitee of the defendant.

5. The collapsible chair as constructed and as maintained by the defendant constituted a hidden danger to users which the defendant should have foreseen and guarded against.

The court ruled as follows on the plaintiff's said requests:

1. Allowed, but I find as a fact that the defendant used reasonable care.

2. Not applicable. I find that the chair was reasonably safe for sitting on. I further find there is no evidence that the defendant knew that the chair was in use without plugs.

3. Not applicable. There is no evidence that the defendant knew that the chair in question was in use without plugs.

4. Denied. I find that the defendant was not required to have plugs maintained on the chair.

5. Denied. I find that there was no hidden danger in the condition of the chair at the time of use.

It is apparent that the findings amounted to findings of fact that the defendant was not negligent and were intended to stand by themselves irrespective of the correctness of the

rulings. *Fibre Leather Mfg. Corp. v. Ramsey Mills, Inc.,* 329 Mass. 575.

The trial judge passed on various other requests of the plaintiff in addition to the ones we have taken for illustration. These other requests deal mainly with an alleged waiver of liability. It is unnecessary to decide whether he dealt correctly with them, or even to state them, since the findings, which we think were not affected by the rulings, required the ultimate finding for the defendant. *Brodeur v. Seymour,* 315 Mass. 527.

There being no prejudicial error, the Report is dismissed.

Gottlieb, Cooke & Gottlieb, of Boston, for the Plaintiff.

Merritt J. Aldrich, of Boston, for the Defendant.