*Northern District*

No. 6300

**GEORGE E. BERGIN**

v.

**JANE H. LORD** et al

Argued:————1966    Decided:————1966

*Present:*   Brooks, P.J., Connolly, Yesley, J.J.
Case tried to *Cullen, J.*, in the Fourth District Court
of Eastern Middlesex   No. 72 of 1961

Connolly, J.   In this action of tort, the plaintiff seeks to recover for property damage to his motor vehicle alleged to have been caused by the negligence of the defendant.

At the conclusion of the evidence, the defendant filed the following requests for rulings of law and findings of fact:

1. Upon all the credible and admissible evidence, a finding for the defendant is in order.

2. The plaintiff was not operating his motor vehicle in the exercise of due care.

3. To enable the plaintiff to recover, as a matter of law, plaintiff must be found operating his motor vehicle in the exercise of due care.

4. To be able to have judgment entered for defendant, defendant must be found in the exercise of due care in operating the motor vehicle defendant was driving.

5. Even if the defendant is found operating his motor vehicle in a negligent manner, plaintiff, in order to recover, must be found driving his motor vehicle in the exercise of due care.

6. If both plaintiff and defendant are found to be negligent in operating their respective motor vehicles, there cannot be a finding for either party.

7. There can be no finding for either party if each party is found to be in the exercise of due care in the operation of their respective motor vehicles.

The trial judge filed the following memorandum:

### COURT'S FINDING OF FACTS AND RULINGS ON DEFENDANTS' REQUESTS FOR RULINGS

This is an action of tort for property damage resulting from a motor vehicle accident on Main Street, Woburn, Mass., March 16, 1959.

The defendants, among other defenses, contend that the plaintiff's negligence contributed to the accident. The defendant Herbert Lord was the operator of the vehicle.

The plaintiff was proceeding down Main Street in a southerly direction in a line of traffic. The defendant was in the process of leaving the A & P parking lot by way of an alley adjacent to a building on the corner of said lot. The building in question abuts the sidewalk along Main Street. There is a slight curve in Main Street at this point and motor vehicles were parked at the curb next to the alley. Next to the parked vehicles, there is a line of traffic proceeding in a northerly direction along Main Street. The defendant was traveling through this line of traffic, intending to proceed south on Main Street when he struck the plaintiff's vehicle on the left rear fender. The defendant did not see the plaintiff's vehicle prior to contact. Property damage was in the sum of $200.-00. The plaintiff was in the exercise of due care.

Finding for the plaintiff in the sum of $200.-00.

As to the defendant's requests for rulings, I deny Nos. 1, 2, 4, 6 and 7. I allow 3 and 5.

The "Findings" of the Court are supported by the reported evidence.

Thereafter, the defendant filed the following motions:

## DEFENDANTS' MOTION FOR NEW TRIAL

The defendants move that they be allowed to file a motion for a new trial for the following reasons:

1. The trial justice is the fact finding body and his finding will stand unless new evidence can be presented which will upset said findings.

2. Discovery of new evidence.

3. Perjury of plaintiff.

## DEFENDANTS' MOTION FOR FINDING FOR DEFENDANTS

The defendants move that a finding be directed for the defendants for the following reasons:

1. The plaintiff perjured himself on the witness stand where he was under oath to tell the truth and nothing but the truth.

2. It appears that from the Assessor's records in the Assessor's Office in the City of Woburn that the plaintiff did not, in fact, tell the truth.

3. The credibility of the plaintiff has been challenged and the defendant Herbert Lord knows of his own personal knowledge that the accident did not happen in the manner in which the said plaintiff testified that said accident did happen.

WHEREFORE, as a matter of law, the finding of the court should be reversed and a finding for the defendants found.

The statements made above are true under pains and penalties of perjury.

## DEFENDANTS' MOTION TO HAVE PLAINTIFF SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE CONSIDERED IN CONTEMPT FOR PERJURY

The defendants move that the plaintiff show cause why he should not be considered in contempt of court by committing perjury on the witness stand.

1. Plaintiff testified, under oath, that the value of his motor vehicle before the accident was $1500.00 and that the value of said convertible after the accident was $1300.00.

2. That the property damage was in the sum of two hundred dollars.

3. The records in the Assessor's Office in the City Hall of the City of Woburn show that the plaintiff had two (2) motor vehicles registered for the year 1959; one a 1954 Dodge sedan, 4 door, valued at $200.00, tax paid $12.83; the other a 1958 convertible, valued at $1500.00, tax paid $96.20.

4. The defendant Herbert Lord knows of his own personal knowledge the plaintiff's motor vehicle involved in said accident was not the 1958 convertible but the 1954 Dodge sedan, the value of which could not possibly be $1500.00 before the accident.

The aforementioned motions of the defendant, after hearing thereon, were all denied by the court.

The defendant, alleging to be aggrieved by the

denial of his requests numbered 1, 2, 4, 6 and 7 and by the denials of the motions set out above, claimed a report to this Division.

The denials of the requests and the motions were not error.

The finding of the trial judge that the plaintiff was in the exercise of due care and (by necessary implication) that the defendant was negligent, considered in their context, were obviously intended to stand by themselves irrespective of the rulings. *Fibre Leather Mfg. Corp.* v. *Ramsey Mills, Inc.,* 329 Mass. 575

The findings—

(a) that the plaintiff was in the exercise of due care

(b) the defendant was negligent

(c) that the property damage to the plaintiff's motor vehicle as a result of the defendant's negligence amounted to $200..00—

required the ultimate finding for the plaintiff in that amount. *Brodeur* v. *Seymour,* 315 Mass. 527

As a consequence, it is not necessary to discuss the defendant's requests. It is apparent, however, that they are based on facts not found by the trial judge.

The rather unusual motions were addressed to the discretion of the trial judge. Their denial requires no comment.

There being no prejudicial error, the report is dismissed.

MAHAN, CROWLEY & MISCI of Boston,
  for plaintiff
HERBERT LORD of Winchester, Mass.,
  for defendant