*Municipal Court of the*
*City of Boston*

No. T-15473

## BOSTON TOMATO CO., INC.

### v.

## BOSTON WHARF CO.

Argued: May 30, 1969   Decided: June 12, 1969

*Present:* Adlow, C.J., Morrissey, Canavan, JJ.
Case tried to *Mottola, Sp. J.,* in the Municipal
Court of the City of Boston. No. T-15473

*Adlow, C.J.,* Action of tort for negligence.
At the trial there was evidence that the Boston Tomato Co., Inc. was a tenant in a multi floor brick building owned by the Boston Wharf Co. and located at 354-358 Congress Street, South Boston. The plaintiff corporation occupied the basement of said building under a lease dated April 23, 1963. Under the terms of said lease the defendant heated said premises during the heating season between 8:00 A.M. and 5:00 P.M. except Sundays and Holidays. Under this lease the merchandise and property of the plaintiff on the leased premises were at the sole risk of the lessee, and if whole or any part thereof shall be destroyed or damaged by water, bursting pipes ... no part of said loss or damage shall be charged or borne by the lessor ..., and that the lessee would save the lessor harmless against any claim due to injury,

loss or damage to persons or property while on the demised premises ... unless due to the negligence of the lessor ... and to any property on the demised premises within the exclusive control of the lessee ... by escape of ... water, bursting steam or other pipes. ...

On February 2, 1965 there was a flooding of the plaintiff's premises about 2:30 A.M. When an officer of the plaintiff corporation went to the premises on the same night he went up the back stairs to an area outside its own leased premises and observed that the fire sprinkler pipe on the first floor landing in the back stairway appeared to be broken. A window located about 4 feet from the broken pipe was closed but had a small hole in it as if it had been hit by a rock. The back stairs were wet.

On the premises of the plaintiff corporation the witness observed crates of tomatoes piled one on top of another. There was eight inches of water surrounding the bottom crates. Many of these tomatoes spoiled as a result of the immersion. The walls in this basement were wet and stained. In all, 9,805 pounds of tomatoes were spoiled. It was agreed that the plaintiff's damage to supplies aggregated $1,318.01.

An employee of the Automatic Sprinkler Co. repaired the sprinkler on the morning of February 2, 1965. In his opinion the break in the sprinkler system was due to a frozen pipe. There was further evidence that the building is usually heated over the weekend; that there is a

night watchman for the building complex; that the back stairs are used by all the tenants in the building and that the window at the first floor landing has a wire mesh in the glass. According to the evidence of an employee of the defendant, the building was heated by oil from a central heating system located in a building adjacent to 358 Congress Street. He testified that during periods of cold weather the temperature control in the building is left on "day control" for the entire night. There was also evidence that the premises at 358 Congress Street are supervised by a security official and that an employee of the Boston Wharf Company checked all common passageways throughout the night to make certain that the heat is adequate. There was further evidence that the average temperature for January 29, 1965 was 16 degrees — January 30 was 13 degrees — January 31 was 19 degrees, and February 1 was 23 degrees.

At the close of the evidence the court properly ruled at the request of the defendant that "The plaintiff has the burden of proving that the negligence of the defendants, their servants or agents caused the damage to the plaintiff's property". While the court granted the defendant's request for a ruling that

"The evidence is insufficient as a matter of law to warrant a finding that the defendant was negligent", the court in effect denied the request by finding for the plaintiff and making an express finding of fact to the effect that "hav-

ing control of the sprinkler system, (the defendant) failed to use reasonable care in preventing the pipes in the sprinkler system from becoming faulty or frozen so as to cause the pipes to burst''. There was a finding for the plaintiff and the defendant being aggrieved by the failure of the court to rule as requested brings this report.

The maintenance of a fire sprinkler system in the common hallway did not constitute such an unusual or extraordinary use as to expose the defendant to liability regardless of fault. In cases of ordinary user liability can only be predicated on negligence. *Ainsworth* v. *Lakin*, 180 Mass. 397, 400. *Brian* v. *B. Lapkin & Sons Inc.*, 314 Mass. 180, 182.

The burden was on the plaintiff to prove that the damage for which it seeks to recover was caused by the negligence of the defendant.

Aside from the evidence of the sprinkler repairman that in his opinion the leak was the consequence of a frozen pipe, there is no other evidence bearing on the cause of the damage. There is no evidence whatever to indicate that the heating system had ceased to function at any time prior to the break. Nor was there any evidence to indicate that the break of the pipe was caused by a person for whose conduct the defendant was responsible. If the freezing of the sprinkler pipe can be explained by the reported evidence, it is to the hole in the window that we must give our attention. This provides

a probable explanation of the freezing of the pipe. But there was no evidence as to when this break in the window was made, or that the defendant knew or should have known that a condition existed which might lead to a freezing of the pipe. In the absence of such notice a finding for the defendant would be required. *Brian* v. *B. Lapkin & Sons Inc.*, 314 Mass. 180, 182. *Fibre Leather Mfg. Corp.* v. *Ramsey Mills, Inc.*, 329 Mass. 575.

The cause under review is to be distinguished from the case of *United States Trunk Co., Inc.* v. *Bristol Knitting Mills, Inc.*, 344 Mass. 249, 252, in which the area where the freezing took place was in the exclusive control of the defendant, and where the evidence indicated that a window had been left open, thus permitting a freeze. Because of the exclusive control of the defendant, the inference was permissible that it had been left open by one of the defendant's agents. In the cause under review there was no open window and no exclusive control.

On the reported evidence a finding for the plaintiff was not warranted. *Finding for the plaintiff vacated. Finding to be entered for defendant.*

CHARLES J. O'MALLEY
of Boston for the plaintiff.
DANIEL S. FRAM
of Boston for the defendant.